O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. SOLANO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PHH MORTGAGE CORPORATION (erroneously named as "PHH MORTGAGE COMPANY"), WESTERN PROGRESSIVE, LLC; HSBC Bank USA, N.A., as Trustee for the registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE3; and OCWEN LOAN SERVICING, LLC,<br><br>　　　　　　　Defendant/s. | Case No.: 2:24-cv-00281-MEMF-AJR<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE [ECF NO. 30-1], GRANTING MOTION TO DISMISS [ECF NO. 30], AND DENYING MOTION TO CONSOLIDATE [ECF NO. 31].** |

　　　Before the Court are (1) a Motion to Dismiss filed by Defendants PHH Mortgage Corporation; Western Progressive Trustee, LLC; HSBC Bank USA, N.A.; and Ocwen Loan Servicing, LLC (ECF No. 30); (2) a Request for Judicial Notice filed by the same Defendants (ECF No. 30-1); and (3) a Motion to Consolidate filed by Plaintiff Jose R. Solano (ECF No. 31). The Court deems these matters appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court GRANTS the Request for Judicial Notice (ECF No. 30-1),

GRANTS the Motion to Dismiss (ECF No. 30), and DENIES the Motion to Consolidate (ECF No. 31).

## SUMMARY OF ORDER FOR *PRO SE* PLAINTIFF JOSE R. SOLANO

You sued PHH Mortgage Corporation, Western Progressive, HSBC, and Ocwen Loan Servicing, who are Defendants in this case. These Defendants asked that the Court dismiss your lawsuit.

In this Order, the Court first decided that because the documents submitted by these Defendants are public records, they are appropriate to consider. But the Court will not assume that all facts stated in these documents are true; it will instead only consider that the documents exist. In addition, the exhibits attached to your Amended Complaint do not require judicial notice for the Court to consider, so the Court denied as moot your request for judicial notice.

Second, the Court decided that all of your claims against these Defendants must be dismissed, and you will not be permitted an additional opportunity to amend.

Third, because the case you would like to consolidate this case with has been dismissed and because the Court finds that all of the claims against these Defendants in this case must be dismissed, the Court decided that the two cases should not be consolidated.

## BACKGROUND

### I. Factual Allegations[1]

Plaintiff Jose R. Solano ("Solano") is an individual residing in California. *See* 1AC. at 7.[2] Defendant PHH Mortgage Corporation ("PHH") is a corporation engaged in mortgage lending and

---

[1] All facts stated herein are taken from the allegations in Plaintiff Jose R. Solano's First Amended Complaint, ECF No. 29 ("1AC") unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

[2] The 1AC does not contain numbered paragraphs, so the Court cites to page numbers within the 1AC rather than paragraphs. For the sake of simplicity, all citations to the pleadings in this Order are citations to the pagination imposed by the Court's CM/ECF system and stamped at the top of the pages.

Solano is reminded that, despite his *pro se* status, he is obligated to comply with the Federal Rules of Civil Procedure and Local Rules. *See* C.D. Cal L.R. 83-2.2.3 ("Any person appearing pro se is required to comply with these Local Rules, and with [the Federal Rules of Civil Procedure]."); *see also* Fed. R. Civ. P 10(b) ("A party must state its claims or defenses in numbered paragraphs.").

servicing. *Id.* Defendant Western Progressive, LLC ("Western") is a California corporation that provides foreclosure trustee services. *Id.* Western acted as the trustee for the foreclosure sale of Plaintiff's property. *Id.* Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a Florida corporation engaged in loan servicing. *Id.* at 8. Defendant HSBC Bank USA, N.A., as Trustee for the registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE3 ("HSBC" or, collectively with PHH, Western, and Ocwen, "Defendants") is a company engaged in loan servicing, including handling mortgages and foreclosure proceedings. *Id.* at 8. Defendant Orange Kangaroo, LLC ("Orange Kangaroo")[3] is a company that initiated an unlawful eviction against Solano following the foreclosure of his property. *Id.* at 19.

Solano is the owner of a property on Dobbs Street in Los Angeles, California (the "Property"). *Id.* at 8. Solano has held title to the property since its acquisition in January 2000, when he purchased it using a loan secured by an Original Deed of Trust. *Id.* The loan was for $73,700. *Id.* at 9. The Property is a condominium. *Id.* at 245. At no point was a valid, legally enforceable assignment of the promissory note and Deed of Trust transferred from the original lender to Defendants. *Id.* at 9. Consequently, Defendants had no legal standing to initiate or carry out any foreclosure actions against Solano's property, and thus the foreclosure, which led to Solano's eviction, was conducted by entities that lacked requisite legal standing to take such action. *Id.* Defendants executed the foreclosure proceeding of the property at issue knowing that they did not hold the legal rights to enforce the loan against Solano or the foreclosure against the property. *Id.* at 13. As a result, the transfer of the property to a third party through the foreclosure sale was a fraudulent conveyance. *Id.*

Throughout the foreclosure process, Defendants made numerous fraudulent misrepresentations regarding the status of Solano's loan, ownership of the property, and legitimacy of the foreclosure. *Id.* at 14. These representations were intentionally made to deceive Solano into

---

[3] Because Orange Kangaroo has not joined the instant Motion to Dismiss, Solano has not filed proof of service as to Orange Kangaroo, no counsel for Orange Kangaroo has entered an appearance on the docket, and for the sake of brevity, the Court will refer to the moving defendants, PHH, Western, Ocwen, HSBC, and Western as "Defendants" in the Court's Order. The Court will issue a separate Order to Show Cause regarding Orange Kangaroo.

believing that the foreclosure process was valid. As a result, Solano experienced significant financial and emotional harm, including the loss of his property, lost equity, and damage to his credit and reputation. *Id.* at 16.

In addition, as part of an unlawful scheme to take possession of the condominium, Defendants filed and recorded fraudulent Notices of Default and a fraudulent Notice of Sale, based on the assumption that Defendants had the legal right to initiate a foreclosure of the property. *Id.*

Following the foreclosure, Orange Kangaroo initiated an unlawful eviction against Solano without proper legal standing. *Id.* at 14. Orange Kangaroo administered the conviction knowing it was fraudulent.

Overall, Defendants, acting in concert, engaged in a civil conspiracy to defraud Solano and deprive him of his property. *Id.* at 14–15.

**II.    Procedural History**

Solano filed suit in this Court on January 11, 2024. ECF No. 1. In response, PHH, Western, Ocwen, HSBC, and Western, the defendants named in the original complaint, filed a motion to dismiss on February 15, 2024. ECF No. 17. The Court granted in part the Motion to Dismiss on February 5, 2025. ECF No. 27. The Court granted Solano leave to amend several of his claims and instructed that any amended complaint must be filed within thirty (30) days of the Order. *Id.* Solano timely filed the 1AC on March 6, 2025. ECF No. 29. The 1AC brings several different causes of action, including: (1) fraudulent foreclosure, against all defendants (PHH, Western, HSBC, and Ocwen); (2) wrongful foreclosure, against all defendants; (3) violations of the Fair Debt Collections Practices Act (15 U.S.C. § 1692, "FDCPA"), against all Defendants; (4) violations of the Fair Housing Act (42 U.S.C. §§ 3601–3619, "FHA"), against all Defendants; (5) fraudulent conveyance against all Defendants; (6) cancellation of written instruments, against all Defendants; (7) unjust enrichment, against all Defendants; (8) negligent misrepresentation, against all Defendants; (9) fraud, against all Defendants; (10) violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq., "RICO"), against all Defendants; (11) civil conspiracy, against all Defendants; (12) violations of the Truth in Lending Act (18 U.S.C. §§ 1601–1667(f); (13) declaratory judgment to determine the rights of the parties with respect to the validity of the

foreclosure and the documents relied upon to justify the foreclosure. *See* 1AC at 17–65.[4] The 1AC also seeks judicial notice of nine (9) exhibits. 1AC at 72–74.

The essence of Solano's allegations is that the fraudulent trustee deed upon sale and corresponding unlawful eviction constituted racketeering and other legal violations that gave rise to substantial harm and financial losses to Solano. 1AC at 15–17. He seeks to (1) to have the foreclosure sale of his property declared void, (2) cancel the trustee deed upon sale, and (3) obtain relief for numerous violations committed by Defendants. *Id.* at 20.

Defendants filed the instant Motion to Dismiss and Request for Judicial Notice on March 20, 2025. ECF No. 30 ("Motion," or "Mot.", ECF No. 30-1 ("RJN"). The RJN seeks judicial notice of twenty-nine (29) exhibits. *See* ECF Nos. 30-2, 30-3, 30-4. Solano filed an Opposition to the Motion on April 4, 2025.[5] ECF No. 32 ("Opposition" or "Opp'n"). The Opposition seeks judicial notice of four (4) exhibits, all of which are also attached to the 1AC. Opp'n at 18–19. PHH, Western, HSBC, and Ocwen filed a Reply in support of their Motion on May 12, 2025. ECF No. 39.[6]

## REQUEST FOR JUDICIAL NOTICE (ECF NOS. 29, 30-1)

### I. Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) ("Rule 201"). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001),

---

[4] The Court notes that Solano did not allege in the 1AC the fraudulent notice of sale claim that the Court determined may proceed following the first motion to dismiss. ECF No. 27 at 9-12 (denying the motion to dismiss as to Solano's claim for Fraudulent Notice of Sale (the first cause of action in the original complaint)).

[5] Solano filed his Opposition as a "Motion to Deny Defendants' Motion To Dismiss Plaintiff's First Amended Complaint." *See* Opp'n at 1. The Court construed this as an opposition to the Motion to Dismiss and ordered a reply accordingly. ECF No. 38.

[6] Solano filed a Sur-Reply on May 14, 2025, which includes a third request for judicial notice for the exhibits that he previously identified within the request for judicial notice attached to the 1A. ECF No. 40 at 6. However, Solano failed to seek leave from the Court prior to filing the Sur-Reply in accordance with Local Rule 7-10. As such, the Court will not consider Solano's Sur-Reply in this Order.

overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Once a fact is judicially noticed, the court "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). A court considering a motion to dismiss may also take judicial notice of "matters of public record," "but not of facts that may be subject to reasonable dispute." *See id.* (citing *Lee*, 150 F.3d at 689). A court considering a motion to dismiss should not take judicial notice of material that cannot be considered for the motion. *See Lee*, 250 F.3d at 689–90.

## II. Discussion

Defendants request judicial notice of twenty-nine (29) documents. Solano does not oppose Defendants' request for judicial notice. The documents are listed below (with descriptions based on Defendants' descriptions of the documents):[7]

a. Exhibit 1: Deed of Trust recorded April 27, 2006, as Document Number 06-0924181 in the Los Angeles County Recorder's Office.

b. Exhibit 2: Notice of Default recorded December 15, 2009, as Document No. 20091905842 in the Los Angeles County Recorder's Office.

c. Exhibit 3: Notice of Default recorded February 7, 2011, as Document No. 20110202859 in the Los Angeles County Recorder's Office.

---

[7] These documents can be found at ECF Nos. 30-2 (Exhibits 1–14), 30-4-3 (Exhibits 15–27), and 30-4 (Exhibits 28–29).

d. Exhibit 4: Notice of Default recorded April 5, 2012, as Document No. 20120512184 in the Los Angeles County Recorder's Office.

e. Exhibit 5: Notice of Rescission of Declaration of Default recorded August 2, 2010, as Document No. 20101065056 in the Los Angeles County Recorder's Office.

f. Exhibit 6: Notice of Rescission of Notice of Default recorded on March 7, 2011, as Document No. 20110344622 in the Los Angeles County Recorder's Office.

g. Exhibit 7: Notice of Rescission of Notice of Default recorded March 6, 2013, as Document No. 20130339745 in the Los Angeles County Recorder's Office.

h. Exhibit 8: Assignment of Deed of Trust recorded March 9, 2012, as Document No. 20120373737 in the Los Angeles County Recorder's Office.

i. Exhibit 9: Notice of Default and Election to Sell Under Deed of Trust recorded January 3, 2023, as Document No. 20230000280 in the Los Angeles County Recorder's Office.

j. Exhibit 10: Docket of the US Bankruptcy Court - Central District, for Case No. 2:16-bk-26833.

k. Exhibit 11: Chapter 13 Voluntary Petition for Bankruptcy filed December 27, 2016, in US Bankruptcy Court Case No. 2:16-bk-26833.

l. Exhibit 12: Chapter 13 Plan filed January 3, 2017, in US Bankruptcy Court Case No. 2:16-bk-26833.

m. Exhibit 13: Objection to Confirmation of Debtor's Chapter 13 Plan or Reorganization filed January 19, 2017, in US Bankruptcy Court Case No. 2:16-bk-26833.

n. Exhibit 14: Statement of Intention filed February 24, 2017, in US Bankruptcy Court Case No. 2:16-bk-26833.

o. Exhibit 15: Amended Schedule D filed February 24, 2017, in US Bankruptcy Court, Case No. 2:16-bk-26833.

p. Exhibit 16: Notice of Motion and Motion for Relief from the Automatic Stay filed March 28, 2017, in US Bankruptcy Court, Case No. 2:16-bk-26833.

q. Exhibit 17: Response and Objections to Motion to Lift Stay filed April 7, 2017, in US BK Court, Case No. 2:16-bk-26833.

r. Exhibit 18: Stipulation to Continue Hearing on Motion for Relief from Automatic Stay filed April 11, 2017, in US Bankruptcy Court, Case No. 2:16-bk-26833.

s. Exhibit 19: Adversary Complaint by Wesley H. Avery, Trustee v. Jose Rafael Solano, et al., filed June 7, 2018, in US Bankruptcy Court, Case No. 2:16-bk-26833.

t. Exhibit 20: Chapter 7 Voluntary Petition for Bankruptcy filed October 26, 2018, in US Bankruptcy Court Case No. 2:16-bk-26833.

u. Exhibit 21: Class Action Civil Rights Complaint filed on April 4, 2016, as Case No. A-16-CV-04300-SS, in the US District Court Western District of Texas.

v. Exhibit 22: Order dismissing case filed October 7, 2016, in Case No. A-16-CV-430-SS, in the US District Court Western District of Texas.

w. Exhibit 23: Class Action Civil Rights Complaint (with Exhibit 3 Fraud Claim only) filed July 17, 2017, as Case No. LACV17 05253-DSF, in the US District Court of California - Central District.

x. Exhibit 24: Civil Minutes Order Granting Motion to Dismiss Complaint with Prejudice entered September 22, 2017, in US District Court – Central District Case No. CV 17-5253.

y. Exhibit 25: Substitution of Trustee recorded July 24, 2012, as Document No. 20121087815 in the Los Angeles County Recorder's Office

z. Exhibit 26: Notice of Trustee's Sale recorded December 19, 2023, as Document No. 20230886663 in the Los Angeles County Recorder's Office

aa. Exhibit 27: A Grant Deed recorded January 18, 2019, as Document No. 20190056723 in the Los Angeles County Recorder's Office.

bb. Exhibit 28: Docket of the US District Court – Central District, for Case No. 8:24-cv-1587.

cc. Exhibit 29: Docket of the Los Angeles County Superior Court – Central District, for Case No. 24STCV18083.

Thus, Defendants' Request for Judicial Notice (ECF No. 30-1) is GRANTED.

Solano also appends a Request for Judicial Notice to his First Amended Complaint. *See, e.g.*, ECF No. 29 at 72-74. The 1AC requests judicial notice of nine (9) exhibits. 1AC at 72–73.[8] The Court DENIES AS MOOT Solano's request with respect to the exhibits attached to the 1AC as these are documents of record in the instant action, and therefore judicial notice is not required. *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, *exhibits attached to the complaint*, and matters properly subject to judicial notice.") (emphasis added).

## MOTION TO DISMISS (ECF NO. 30)

### I. Applicable Law

#### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[8] The Court will only consider Solano's request for judicial notice that is included in the 1AC since the request for judicial notice in the Opposition identifies records that were encompassed in the original request within the 1AC.

Moreover, Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II. Discussion

### A. Solano's Fifth, Ninth, Eleventh, and Twelfth Causes of Action Were Brought Without Leave and Are Therefore Dismissed

Defendants argue that Solano's Fifth Cause of Action for Fraudulent Conveyance, Ninth Cause of Action for Fraud, Eleventh Cause of Action for Civil Conspiracy, and Twelfth Cause of Action for violations of the Truth in Lending Act should be dismissed because the Solano failed to seek leave from the Court, under Federal Rule of Civil Procedure 15, to add new claims. Mot. at 19. Solano does not address this argument in his Opposition or Sur-Reply. *See generally*, Opp'n, Sur-Reply.

This Court granted Solano leave to amend to cure deficiencies in his original claims, not leave to add entirely new claims. *See* ECF No. 27. In order to include new claims in the 1AC, Solano needed to show that amendment was proper under Federal Rule of Civil Procedure 15. In light of Solano's failure to do so, the Court GRANTS Defendants' Motion with respect to the Fifth Cause of Action for Fraudulent conveyance, Ninth Cause of Action for Fraud, Eleventh Cause of Action for Civil Conspiracy, and Twelfth Cause of Action for Violations of the Truth in Lending Act. The Court DISMISSES those claims WITHOUT LEAVE TO AMEND as no leave has been sought and it appears that amendment would be futile in light of the other defects in the IAC as discussed below.

**B. Solano's First, Second, Sixth, Seventh, Eighth, Tenth, and Thirteenth Causes of Action are Barred by the Statute of Limitations.**

Defendants also contend that all the claims set forth in the 1AC are barred by the statute of limitations. Mot at 24–27. Defendants argue that Solano was on notice of Ocwen's servicing of the loan for the property as early as 2016, and therefore, Solano cannot assert that the Notice of Trustee's Sale, which was issued in December 2023, is the first time he was put on notice of the Defendants' roles in enforcing HSBC's interest in the loan. *Id.* at 25. Defendants also assert that Solano has been aware of HSBC's intent to proceed with foreclosure on the Property since 2017. *Id.* To support their argument, Defendants point to several judicially noticed exhibits, including Solano's Voluntary Petition for Bankruptcy filed on December 27, 2016, in US Bankruptcy Court Case No. 2:16-bk-26833 (ECF No. 30-2 Exhibit 11), Solano's Chapter 13 Plan filed January 3, 2017, in US Bankruptcy Court Case No. 2:16-bk-26833 (ECF No. 30-2 Exhibit 12), and HSBC's Objection to Confirmation of Solano's Chapter 13 Plan or Reorganization filed January 19, 2017, in US Bankruptcy Court Case No. 2:16-bk-26833 (ECF No. 30-2 Exhibit 13). Mot. at 25. Defendants also point to Solano's 2017 objection to HSBC's Motion for relief from automatic stay where he made clear his intention to a fraud-based file suit against Defendants here to challenge the lien (ECF No. 30-3 Exs. 16, 17). Solano does not oppose Defendants' statute of limitations argument. *See generally* Opp'n.

The Court finds that Solano was on notice of Defendants' interest in his loan and Defendants intention to foreclose the property long before the issuance of the December 2023 Notice of Trustee's Sale that he points to in his claims. As such, Solano's remaining claims are barred by the statute of limitations.

Under California law, a cause of action generally accrues at "the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). There is an exception for the "'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* The statute of limitations for all of Solano's claims has long run unless Solano can demonstrate that the discovery rule applies here.

Actions for "relief on the ground of fraud or mistake" have a three-year statute of limitations in California. *See* Cal. Code Civ. Proc. § 338(d). This statute of limitations applies to Solano's Seventh Cause of Action for unjust enrichment against Defendants as it is grounded in the foreclosure sale that Solano alleges was fraudulent on account of the alleged 2012 fraudulent assignment of the deed of trust that HSBC accepted from Mortgage Electronic Registration System, Inc. ("MERS"), which Solano asserts failed to lawfully transfer any interest to Defendants, thereby rendering the foreclosure notices and foreclosure sale fraudulent, 1AC at 2, 39, 99–101 (Ex. 5), and Defendants' allegedly fraudulent statements concerning their legal authority to foreclose the property. Further, because Solano's claims to void various instruments (First, Second, Sixth, Eighth and Thirteenth Causes of Action) are predicated on the argument that those instruments are void for fraud, the Court finds that this same statute of limitations applies to the First, Second, Sixth, Eighth and Thirteenth Causes of Action. *See* 1AC at 20 (Claim 1: "Declare the foreclosure sale and related documents, including the Trustee Deed Upon Sale (Exhibit 1), Notice of Default (Exhibits 2 and 3), and Notice of Sale (Exhibit 4) to be void and of no legal effect … Order the cancellation of the fraudulent Trustee Deed Upon Sale and all related documents."), 24 (Claim 2: "Declare the foreclosure sale and related documents, including the Trustee Deed Upon Sale (Exhibit 1) and Notice of Sale (Exhibit 4) to be invalid and of no legal effect … Order the cancellation of the fraudulent Trustee Deed Upon Sale and all other related instruments."), 38 (Claim 6: "Declare that the written instruments … including the Trustee deed Upon Sale (Exhibit 1), Notice of Default (Exhibits 2 and 3), and Notice of Sale (Exhibit 4), and Deficient Assignment of Deed of Trust (Exhibit 5), are fraudulent and invalid. Order the cancellation of these written instruments in their entirety."), 45 (Claim 8: "Declare the foreclosure sale and related documents, including the Trustee Deed Upon Sale (Exhibit 1), Notice of Default (Exhibits 2 and 3), and Notice of Sale (Exhibit 4), to be void and of no legal effect."), 64 (Claim 13: "Plaintiff requests the Court to issue a Declaratory Judgment that … [t]he Trustee Deed Upon Sale (Exhibit 1) is invalid, as it was executed based on fraudulent documents and by parties lacking legal authority … The notice of Default (Exhibits 2 and

3) and Notice of Sale (Exhibit 4) are void and of no legal effect due to the fraudulent representations and Defendants' lack of standing.").[9]

Solano's RICO claim against Defendants is based on predicate conduct that mirrors the allegations that comprise the claims enumerated above—namely, that Defendants engaged in a scheme to defraud Solano by unlawfully foreclosing on his property through the use of fraudulent documents and instruments, including foreclosure notices. Again, such conduct allegedly was fraudulent because Defendants knew that they never possessed a lawful interest in Solano's property or possessed legal standing to carry out foreclosure actions against the property. 1AC at 9, 51–53.

The statute of limitations for a civil RICO claim is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). "The civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). As previously stated, Solano knew or should have known of Defendants' purported interest in his loan and intention to foreclose the property long before the December 2023 notice of sale, and over four years before he brought this lawsuit. Accordingly, the RICO claim is also time-barred.

It does not appear to the Court that Solano can amend his complaint to cure the time bar for any of the claims discussed above, so they are all DIMISSED WITHOUT LEAVE TO AMEND.

### C. Solano Fails to Plead a Claim for Violations of the Fair Debt Collections Practice Act (Third Cause of Action).

With respect to Solano's FDCPA claim, Defendants contend that this claim fails because their actions do not constitute attempts to collect debt within the parameters of the statute. Mot. at

---

[9] Solano seeks a declaratory judgment under federal and state law—28 U.S.C. Section 2201 and California Code of Civil Procedure Section 1060. *See* 1AC at 62. With regard to the federal law, the Declaratory Judgment Act borrows the most analogous state limitations law, here, fraud. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 31 (1995).

As to the California state law, the general rule is that when a cause of action "is barred by the statute [of limitations], the right to declaratory relief is likewise barred." *Maguire v. Hibernia Sav. & Loan Soc.*, 146 P.2d 673, 681 (1944). In light of the Court's findings as to the other claims, the claim declaratory judgment is time-barred under both statutes.

35. In addition, Defendants contend that they were not involved in the eviction of Solano and that they fully disclosed Solano's debt amount as demonstrated by Solano's own exhibits. *Id.* at 36. The Court finds that Solano's Third Cause of Action for violations of the FDCPA does not adequately plead a claim. *See generally* Opp'n.

"The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2017). The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. Defendants do not dispute that they may be properly defined as "debt collectors" within the meaning of the statute.

Solano alleges a claim under the FDCPA under several separate bases. Specifically, Solano alleges that Defendants violated 15 U.S.C. Section 1692e by engaging in fraudulent actions throughout the foreclosure and eviction process, including by using fraudulent documents designed to mislead Solano about the legality of the foreclosure. 1AC at 26. Next, Solano alleges that Defendants violated 15 U.S.C. Section 1692f by wrongfully foreclosing on his property using forged, invalid documents designed to unjustly deprive Solano of the property. 1AC at 26. Solano also alleges that Defendants violated 15 U.S.C. Section 1692g by failing to properly disclose the amount of the debt, failing to provide him with proper notice of the foreclosure, and failing to provide him with an opportunity to dispute or request validation of the debt. 1AC at 26–27.

Solano's allegations concerning violations of 15 U.S.C. Sections 1692e and 1692f are grounded in the foreclosure of his property. However, as Defendants correctly argue, non-judicial foreclosure does not fall within the ambit of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 474–79 (2019); *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998 (9th Cir. 2020) ("[T]he enforcement of a security interest does not entail an attempt to collect money from the debtor."). As such, the FCPA claim as it concerns 15 U.S.C. Sections 1692e and 1692f fails. With regard to 15 U.S.C. Sections 1692g, Solano alleges that Defendants failed to properly disclose the amount of debt and failed to provide him with the opportunity to dispute or request validation of the

debt. The Debt Validation Notice that Solano attaches to the 1AC as Exhibit 2 directly refutes these allegations. *See* 1AC at 82. And Solano does not allege that he attempted to dispute the validity of his debt upon receiving the Debt Validation Notice as required under 15 U.S.C. Sections 1692g(b).

Accordingly, Court GRANTS Defendants' Motion with respect Solano's Third Cause of Action for violations of the FDCPA and DISMISSES this claim WITHOUT LEAVE TO AMEND. The Court finds that further amendment would be futile given that Solano has previously been given an opportunity to amend this claim and does not indicate that he could further amend it to cure the defects identified.

### D. Solano Fails to Plead a Claim for Violations of the Fair Housing Act (Fourth Cause of Action).

Defendants argue that Solano's Fourth Cause of Action for violations of the Fair Housing Act fails to state a cognizable claim because the allegations are overly generic and because the claim is barred by the statute of limitations. 1AC at 37–38. Furthermore, Defendants contend that Solano pleads no facts that indicate that he was denied a loan modification based on race. *Id.* at 38. Solano does not oppose these arguments.

The FHA prohibits discrimination on the basis of race, color, religion, sex, familial status, and national origin with respect to the terms, conditions, or privileges of the sale or rental of a dwelling or in the provisions of services or facilities in connection therewith. 42 U.S.C. § 3604.

Solano alleges several separate bases in support of the FHA claim, including discriminatory foreclosure based on race or national origin, failure to offer alternatives to foreclosure based on race or national origin, and targeting of Solano's property for foreclosure based on race or national origin. 1AC at 29–30. In particular, Solano alleges that Defendants, including HSBC and Ocwen, disproportionately denied him viable solutions for loan modification and foreclosure alternatives relative to other similarly situated borrowers. *Id.* at 29. Solano alleges that this failure "*may have been*" based on his race and national origin. *Id.* Solano also alleges that Defendants failure to offer him meaningful loan modification alternatives that were offered to other individuals who did not share his racial background was a form of racial discrimination. *Id.* at 30. Finally, Solano alleges that the foreclosure of his property "*may have been* influenced by discriminatory motives, targeting a

Hispanic individual for foreclosure while other borrowers were offered more favorable terms and assistance" *Id.* These allegations are not grounded in fraud.

The Court finds that such allegations do not comply with the pleading standards under Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.[10] Even construing the 1AC liberally, the Court finds that the allegations set forth as to this claim do not place Defendants on notice of what claims are being asserted against them and the factual and legal basis for each claim as there is no detail provided as to what alternatives were requested, what should have been offered to Solano, and what were offered to other similarly situated borrowers. He also fails to allege that these actions were "because of" his race, instead alleging that they "may have been" based on his race; this is fatal to his claim. The Court finds that further amendment would be futile given that Solano has previously been given an opportunity to amend this claim and does not indicate that he could further amend it to cure the defects identified.

## **MOTION TO CONSOLIDATE (ECF NO. 31)**

Also before the Court is Solano's Motion to Consolidate *See* ECF No. 31.

Solano requests that this action (*Jose R. Solano v. PHH Mortgage Company*, Case No. 2:24-cv-00281-MEMF-AJR) be consolidated with another case in this district in which Solano is the plaintiff (*Jose R. Solano v. Orange Kangaroo LLC et al*, Case No. 8:24-cv-01587-DMG-PD). *See* ECF No. 31. However, the other case has been dismissed without leave to amend and judgment has been entered. *See Jose R. Solano v. Orange Kangaroo LLC et al*, Case No. 8:24-cv-01587-DMG-PD, ECF No. 68 (C.D. Cal. March 31, 2025). Although Solano has filed a Motion for Reconsideration of that decision, and has sought to set aside the judgment in the other case, given the posture of that case and the fact that the Court is dismissing all claims against the served Defendants in this action without leave to amend, the Court finds that consolidating this case with

---

[10] Complaints are interpreted liberally in order to give pro se plaintiffs "the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018). Nonetheless, a pro se plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally contain a short and plain statement of a plausible claim.

another case that has been closed would not serve the purposes of consolidation, and therefore, the Motion to Consolidate is DENIED.[11]

## RESOURCES FOR SELF-REPRESENTED PARTIES

Although Solano is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

/ / /

/ / /

---

[11] The Court also notes that consolidation would require that the cases be designated as related cases and assigned to the same district judge, which has not happened.

**CONCLUSION**

Having determined that all of the causes of action against these Defendants should be dismissed without leave to amend for the reasons stated above, the Court need not reach the remaining arguments made by the Defendants or the arguments made by Solano as to other issues.[12]

For the reasons stated herein, the Court ORDERS as follows:

1. Defendants' Request for Judicial Notice (ECF No. 30-1) is GRANTED;

2. Defendants' Motion to Dismiss (ECF No. 30) is GRANTED, and all causes of actions against PHH, Western, Ocwen, and HSBC are DISMISSED WITHOUT LEAVE TO AMEND; and

/ / /

---

[12] The Court notes that Solano cites a number of cases for the proposition that failure to specifically refute fraud allegations in a motion to dismiss constitutes waiver and the Court must permit those allegations to proceed. *See* Opp'n at 14-15. The citations provided appear to be in error.

For example, Solano cites to "Gonsalves v. Li, 30 Cal. App. 5th 151 (2018)" for the proposition that "when a party fails to respond to specific allegations of fraud in its motion to dismiss, it forfeits its right to later contest those allegations." Opp'n at 14. The case citation provided is not to a case entitled "Gonsalves v. Li," but rather *to Modisette v. Apple Inc.*, 30 Cal. App. 5th 136, 151 (2018), which does not discuss this proposition. The only "Gonsalves v. Li" case the Court found was not from 2018 and also does not contain this proposition at all. *See Gonsalves v. Li*, 232 Cal. App. 4th 1406 (2015).

Similarly, Solano cites to "Walker v. Korth, 204 Cal. App. 4th 1163 (2012)" and asserts that in that case "the court held that failure to respond to fraud allegations in an initial pleading results in the waiver of any defense based on that fraud." Opp'n at 14-15. The case citation provided is not to a case entitled "Walker v Korth," but rather to *Connolly v. Trabue*, 204 Cal. App. 4th 1154, 1163 (2012), which does not discuss this proposition. The Court did not find another case entitled "Walker v. Korth."

Solano also cites to *In re MERS Litigation*, 744 F. Supp. 2d. 1018 (D. Ariz. 2010), asserting that "the court held that where defendants did not properly contest the fraudulent nature of documents used in the foreclosure, such as MERS assignments, they effectively waived their right to dispute the legitimacy of the foreclosure." Opp'n at 15. Although Solano has provided a correct citation for *In re MERS Litigation*, the decision does not discuss this proposition.

Solano is reminded that, even as a self-represented party, "[b]y presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b)(2). Violations of Rule 11 can result in sanctions, and it would appear that the examples above may constitute violations of Rule 11. Should any other apparent violations occur, the Court will consider sanctions. Fed. R. Civ. P. 11(c).

3. Solano's Motion to Consolidate (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated: September 4, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge